Ron Best Motors, Inc., Appellant, *v.* Ohio Motor Vehicle Dealer's and Salesmen's Licensing Board, Appellee.

Ohio Appeals, Tenth District, Franklin County.

No. 6315.   Decided July 29, 1960.

*Messrs. Solsberry, Ketcham & Rader, Mr. L. Bernell Solsberry* and *Mr. Clifford E. Rader*, of counsel, for appellant.

*Mr. Mark McElroy*, attorney general, and *Mr. Ortha O. Barr, Jr.*, assistant attorney general, for appellee.

*Messrs. McLeskey & McLeskey*, for Amicus Curiae.

(BRYANT, P. J., and McLAUGHLIN, J., of the Fifth Appellate District, sitting by designation in the Tenth Appellate District.)

DUFFY, J.  The Ohio Motor Vehicle Dealer's and Salesmen's Licensing Board revoked the dealer's license of Ron Best Motors, Inc., after finding that it was in violation of Rule No. 6 of the Board, and Sections 4517.01 (H) and 4517.02 (E), Revised Code.

The Court of Common Pleas of Franklin County found that the Board's decision was supported by reliable, probative and substantial evidence and was in accordance with law, and therefore affirmed the decision of the Board.

Ron Best Motors, Inc., has appealed to this Court and gives the following as its assignments of error:

First: The said order, decision, and judgment are contrary to law, in that they are violative of the "Certificate of Title Law," Sections 4505.01, et seq., Revised Code.

Second: The said order, decision, and judgment are against the weight of the evidence and are not supported by any evidence.

Third: The order, decision, and judgment are contrary to Rule 9 of the Motor Vehicle Dealer's and Salesmen's Licensing Board's rules and regulations defining a "used motor vehicle."

Fourth: Errors in the admission of evidence duly objected to by appellant, and in the exclusion of evidence offered by appellant.

Fifth: The order, decision, and judgment deprives Ron Best Motors, Inc. and other used car dealers similarly situated, of their property without due process of law, and is thereby violative of the guarantees contained in Article I, Section 1 of the Constitution of the State of Ohio, guaranteeing the right to acquire, possess and protect property.

Sixth: Other errors apparent on the face of the record, including failure of the Common Pleas Court to modify the decision and order.

The charges brought against the appellant, Ron Best Motors, Inc. were on the following grounds:

A. As to Section 4517.01 (H), Revised Code:

Failure to comply as a dealer in new motor vehicles with the requirement that a dealer in new motor vehicles shall have space under roof, for the display of at least one new motor vehicle and facilities and space therewith for the inspection, servicing and repair of at least one motor vehicle.

B. As to Section 4517.02 (E), Revised Code:

Failure to comply with the requirement that the application, in addition to such other information as is required by the registrar, shall include the following: If new motor vehicles are to be sold, the makes to be handled.

The Licensing Board also charged a violation of Rule No. 6, and gave as the grounds the following:

1. In that Bernard Thomas Bradfield and Norman James Keller are in the employ of your dealership as salesmen without being properly licensed.

We believe there is some evidence of a reliable, probative and substantial nature to support the finding of the Board in regard to the salesmen being employed without being properly licensed, but we are unable to tell from the record whether or not it was a usual procedure followed by the trade after making application for a salesmen's license. Nowhere do we find a

denial of the charges as to the salesmen not being licensed and we must therefore hold that the finding of the Board was proper.

As to the charge involving a violation of Section 4517.01 (H), Revised Code, it must be pointed out that this is a definition section and we find it hard to understand how there can be a violation of a definition. The most that could be said is that Ron Best Motors, Inc., did not meet the definition of a new car dealer and we believe the charge and the finding of the Board in this regard is improper.

As to the violation of Section 4517.02 (E), Revised Code, having to do with the failure to state on the application for a dealer's license the makes of the new motor vehicles which were to be handled and sold, we must recognize that the law is not clear and probably needs some clarification in regards to what are to be considered as new motor vehicles; but it is also apparent that there was an attempt by the appellant to sell motor vehicles which had not yet reached the hands of a so-called general purchaser, and regardless of the number of certificates of title which were issued for the particular motor vehicles they could not be classified as used motor vehicles, and we believe the Board was proper in finding that appellant intended to sell and handle new motor vehicles and did not so inform the Bureau of Motor Vehicles when they applied for their dealer's license.

We do not believe that so far as the finding in regard to the application for the dealer's license is concerned, the order, decision and judgment of the Board and the Court of Common Pleas was contrary to law or against the weight of the evidence, or contrary to Rule No. 9 of the Licensing Board's rules and regulations; nor do we feel that the decision deprives the appellant of its property without due process of law.

As to claimed assignment of error No. 4, dealing with admission of evidence of the Board, it was proper to allow evidence to be shown that Ron Best Motors, Inc., did not have space under roof for the display of at least one new motor vehicle, as this would indicate that it was not a new car dealer under the definition of the statute, and the showing of that fact was relevant.

We also feel that the evidence obtained regarding the activi-

ties of the States Leasing and Equipment Corporation and the R. J. States Motors, Inc., was proper because it dealt with the unused status of the motor vehicles handled by Ron Best Motors, Inc.

In view of the case of *Henry's Cafe, Inc.,* v. *Board of Liquor Control,* 170 Ohio St., 233, neither the Common Pleas Court nor this Court has power to modify the penalty imposed by the Licensing Board, but we find there was reliable, probative and substantial evidence in regard to the violation of Section 4517.02 (E), Revised Code, and Rule No. 6 of the Licensing Board, and therefore affirm the judgment of the Court of Common Pleas. In view of the fact that we do not sustain the finding of the Board as to Section 4517.01 (H), Revised Code, we will return the case to the Board for their reconsideration of the penalty.

BRYANT, P. J., and McLAUGHLIN, J., concur.